IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTHONY EARL KENNEDY,**

      **Petitioner,**

vs.                                                                                      Civ. No. 04-0506 MV/LCS

**ERASMO BRAVO, Warden, et al.,**

      **Respondents.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Respondents' Motion to Dismiss Mr. Kennedy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and supporting memorandum, filed on September 22, 2004, Mr. Kennedy's Motion for Appointment of Counsel, filed January 21, 2005 and Mr. Kennedy's Motion for Transcripts of Proceedings, filed January 18, 2008. (Docs. 17-18, 23, 24). On October 15, Petitioner filed a Motion to Grant his Petition for Writ of Habeas Corpus, with supporting memorandum, which the Court construes as a Response to Respondents' Motion to Dismiss. (Docs. 20-21). Mr. Kennedy is currently incarcerated and is proceeding *pro se*. The Court, having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, finds that Respondents' Motion is not well-taken and is **DENIED**, with further briefing to follow as described below, that Petitioner's Motion for Transcripts is **DENIED** as moot, and that Petitioner's Motion for Appointment of Counsel is **DENIED** at this time because as the Supreme Court noted, there is no constitutional right to counsel for a Section 2254 motion. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

**I.     State Proceedings**

On April 29, 2003 a jury found Petitioner guilty of the offense of trafficking (by distribution), a second degree felony which occurred on or about March 18, 2002. (Answer Ex. A, Doc. 19); (*See* CR-02-981). Petitioner was incarcerated pursuant to a valid Judgment, Partially Suspended Sentence and Commitment, dated August 8, 2003. (*Id.*) Judgment was entered in the Second Judicial District Court for the County of Bernalillo, State of New Mexico. (*Id.*) Petitioner was convicted of said crime and was sentenced by Judge Candelaria to a term of 9 years, of which 3 were suspended, for an actual sentence of imprisonment for 6 years. (*Id.*) Petitioner was also ordered to be on supervised probation for 3 years following his release from custody and was also ordered to obey a number of additional conditions including entering and successfully completing substance abuse treatment. (*Id.*)

On July 11, 2003, Petitioner filed a Motion of Ineffective Assistance of Counsel, alleging that he was denied effective assistance of counsel because his counsel at trial, Phillip G. Sapien, 1) failed to cross-examine Detective Jerry M. Belotti on his written sworn statement contained in the criminal complaint, 2) failed to properly investigate the discovery that was provided by the State of New Mexico's District Attorney Office, 3) failed to seek testimony from an expert forensic scientist who would have examined the accuracy of the evidence, 4) violated Petitioner's objection to an admitted motion regarding governmental entrapment, and 5) violated the client-attorney privilege. (Answer Ex. D, Doc. 19). By Order of the court, Petitioner's Motion of Ineffective Assistance of counsel was to be addressed during the sentencing hearing set for August 1, 2003.[1] (Answer Ex. E, Doc. 19).

On July 23, Petitioner filed a Motion to Set Aside the Jury's Verdict in which he again stated

---

[1] The Court does not, at the present time, have the Record Proper. Thus, the Court does not currently have a transcript or a tape of this hearing.

that his trial counsel was ineffective. (Answer Ex. F, Doc. 19). Petitioner alleged that the sworn criminal information was incorrect and inconsistent with the criminal analysis report and that his counsel was ineffective because he failed to elicit testimony that demonstrated the discrepancies. (*Id.*) Petitioner's Motion was denied by order of the court on August 1, 2003. (Answer Ex. G, Doc. 19).

On September 3, 2003, Petitioner, through counsel, filed his Notice of Appeal to the New Mexico Court of Appeals. (Answer Ex. H, Doc. 19). In his Docketing Statement Petitioner, through counsel, presented the following issues: 1) whether Petitioner received ineffective assistance of counsel when his attorney failed to cross-examine a prosecution witness and instead pursued the defense of entrapment and 2) whether Petitioner was improperly denied his right of due process because there was insufficient evidence to convict. (Answer Ex. I, K, Doc. 19) On December 12, 2003, the New Mexico Court of Appeals assigned the case to its summary calendar and proposed to affirm the lower court. (Answer Ex. J, Doc. 19). The Court of Appeals proposed to affirm on the grounds that counsel was not ineffective because the Court could not second guess counsel's tactical decision not to cross-examine the State's witness and that there was sufficient evidence to support Petitioner's conviction for trafficking. (*Id.*) Petitioner, through counsel Laurel A. Knowles, filed a memorandum in opposition to the proposed affirmance. (Answer Ex. K, Doc. 19). On February 6, 2004, the New Mexico Court of Appeals affirmed the lower court on the same grounds, with added discussion, as outlined in the proposed affirmance. (Answer Ex. L, Doc. 19). Petitioner sought review by the Supreme Court of New Mexico which was denied by Order of March 4, 2004. (Answer Ex. M, N, Doc. 19).

On October 9, 2003, the Assistant District Attorney for the Second Judicial District of the State of New Mexico filed a Supplemental Information stating that Petitioner was previously

convicted for auto theft, possession of a stolen motor vehicle, and tampering with evidence and thus, Petitioner's sentence should be enhanced eight years due to his status as a habitual offender. *See* N.M. STAT. ANN. § 31-18-17(C), § 31-18-17(D) (Michie 1978); (Answer Ex. P, Doc. 19). During a Supplemental Arraignment on May 6, 2004, Petitioner denied that he was the person convicted of the felonies set out in the Supplemental Information. (Answer Ex. Q, Doc. 19). Sentencing on the habitual offender enhancement was consolidated with another conviction in CR-01-1952. (Answer Ex. R, Doc. 19). On July 22, 2004 Petitioner, through counsel Liane E. Kerr, filed a Motion to Dismiss Habitual Proceedings for Convictions Older than Ten Years. (Answer Ex. U, Doc. 19).

On August 24, 2004, Petitioner was sentenced in both CR-02-981 and CR-01-1952 pursuant to an Amended Judgment, Partially Suspended Sentence and Commitment in which Petitioner's Sentence was amended to include a one-year habitual enhancement, for an actual sentence of imprisonment of seven years. (Answer Ex. X, Doc. 19). On August 26, 2004, Petitioner, through counsel, filed his Notice of Appeal. (Answer Ex. Y, Doc. 19). In his Docketing Statement, Petitioner, through counsel, presented the following issues: 1) whether the trial court committed reversible error when it denied Petitioner's speedy trial Motion[2] and 2) whether a probation officer's one-hour meeting with a person he thought to be Petitioner was sufficient to meet the State's burden of identity in a habitual proceeding. (Answer Ex. BB, Doc. 19). On August 12, 2004, the New

---

[2] The Court notes again that it does not have complete information because it does not have the Record Proper and is solely relying on the exhibits filed by Respondents. Nonetheless, it appears that Petitioner's Motion for a speedy trial was filed with regard to his habitual offender sentencing and not for his underlying criminal conviction. (*See* Answer Ex. W, Doc. 19).

Mexico Court of Appeals assigned the case to its general calendar. (Answer Ex. CC, Doc. 19).[3]

## II.     Federal Petition

Mr. Kennedy filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 7, 2004, alleging that his trial counsel was ineffective because he pursued the defense of entrapment instead of arguing, as Petitioner wished, that State could not prove that he committed the act of trafficking and that there was insufficient evidence to support his conviction for trafficking cocaine. (Doc. 1 at 6).

Pursuant to 28 U.S.C. §§ 2244(d)(1) and 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from. . .the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1), 2244(d)(1)(A) (2005).  In *Burris v. Parke* the Seventh Circuit stated, "[w]ith immaterial qualifications the year runs from 'the date on which the judgment became final by the conclusion of direct review' and we take 'judgment' to refer to the sentence rather than to the conviction." *Burris v. Parke*, 95 F.3d 465, 467 (7th Cir.) (*en banc*).  The Court agrees with the Seventh Circuit's interpretation of the statute.  Because Petitioner's appeal on his Amended Judgment, Partially Suspended Sentence and Commitment is still pending, his sentence and thus "judgment" is not yet final by conclusion of direct review and the one-year statute of limitations has not begun to run, meaning Mr. Kennedy's petition is timely. *See* 28 U.S.C. § 2244(d)(1)(A) (2005)

---

[3] The Court has looked up Petitioner's state case, CR 02-0981, through the New Mexico State Judiciary website and it appears that on November 1, 2004 the New Mexico Court of Appeals assigned the case to its summary calendar and it appears that as of present date, the appeal is still pending.

While Mr. Kennedy's petition is not barred by the statute of limitations, Respondents cite the Supreme Court's decision in *Younger v. Harris* and argue that the Court must abstain from considering Mr. Kennedy's petition because his appeal on his Amended Judgment, Partially Suspended Sentence and Commitment is still pending in state court. *Younger v. Harris*, 401 U.S. 37 (1971); *See* Doc. 18 at 2.  In *Younger*, the Supreme Court stated that the "basic doctrine of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 401 U.S. at 43-44.  *Younger* pronounced the abstention doctrine under which "federal courts should not 'interfere with state court proceedings by granting equitable relief -- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings--' when a state forum provides an adequate avenue for relief." *Weitzel v. Div. of Occupational and Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (*quoting Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).  Abstention should rarely be invoked "because the federal courts have a because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"  *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

A federal court must abstain from hearing a case when three criteria are met: (1) state judicial proceedings are ongoing; (2) state proceedings implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues. *Winnebago Tribe v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003) (*citing Seneca-Cayuga Tribe v. Oklahoma*, 874

6

F.2d 709, 711 (10th Cir. 1989)). Once these conditions are met, abstention is not discretionary. *Seneca-Cayuga Tribe*, 874 F.2d at 711. Assuming *Younger* applies in the instant case without finding that it does, the first criterion is met because Petitioner's appeal of his Amended Judgment, Partially Suspended Sentence and Commitment is still pending in state court. *Stovall*, 341 F.3d at 1204. These proceedings do implicate the state's important interest in sentencing an offender of its criminal laws. *Id.* However, the final criterion is not met: I do not believe the appeal proceedings offer Petitioner an adequate opportunity to litigate his habeas claims and thus, the state proceedings do not offer Petitioner an adequate opportunity to litigate federal constitutional issues. *Id.* Further, it does not appear that Petitioner's current appeal of the enhancement of his sentence due to his status as a habitual offender at all implicates the matters Petitioner raises in his habeas petition which refer to his underlying conviction for drug trafficking. As such, the court will not abstain from considering Mr. Kennedy's Petition and Respondents' Motion is **DENIED**.[4]

Because Respondents' Motion has been denied, the Court moves to a habeas reveiw of Petitioner's original Judgment. A cursory review of the state decision seems to indicate that the issues Petitioner raises in his federal Petition were already reviewed by the New Mexico Court of Appeals on the merits. Thus, the Court is concerned about the provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which states that a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established

---

[4] Respondents argue that the Court should determine that Petitioner's claims have no merit and as such, his Petition should be dismissed with prejudice. (Doc. 18 at 3). The court requires further breifing in order to decide Mr. Kennedy's Petition on the merits.

Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2004). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision will be an "unreasonable application of" federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-408. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.

Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Id.* Further, a federal court "cannot grant relief under AEDPA by conducting [its] own independent inquiry into whether the state court was correct as a *de novo* matter. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied the law incorrectly." *Yarborough v. Alvarado*, 124 S. Ct. 2140, 2150 (2004).[5] In short, the AEDPA bars a federal habeas court from granting relief unless the state court decision involves either 1) application of incorrect legal standards or principles; or 2) an objectively unreasonable application of the correct legal standard or principle. Finally, Petitioner bears the burden to establish by clear and convincing evidence that the state court determination was incorrect. 28 U.S.C. § 2254(e)(1) (2004). The Court requires further briefing on the merits of all of Petitioner's

---

[5] Note that this has substantially been the position of the Tenth Circuit since 2003. *See McLuckie v. Abbott*, 337 F.3d 1193 (10th Cir. 2003).

8

claims as they are set forth in his various pleadings with careful attention to the discussion above with regard to the AEDPA. As such the Court enters the following orders with regard to scheduling:

**IT IS ORDERED** that Respondents, by **March 4, 2005**, shall cause all state Court records and transcripts, including records and transcripts of pre-trial proceedings, and records of parole, probation and prison disciplinary proceedings, if applicable, to be forwarded to this Court for the purpose of examination and review, with the assurance that the State court records and transcripts will be returned to the clerk of the proper court or other appropriate State custodian, upon the termination of the proceedings herein. The Court having entered this Order on its own Motion **DENIES** Petitioner's Motion for Transcript of Proceedings (Doc. 23) as moot.

**IT IS FURTHER ORDERED** that Respondents shall forward to Petitioner copies of all said documents.

**IT IS FURTHER ORDERED** that Respondents shall file a Motion to Dismiss addressing the merits of all Petitioner's claims as they are set forth in his various pleadings with careful attention to the discussion above regarding the AEDPA, on or before **March 4, 2005**.

**IT IS FURTHER ORDERED** that Petitioner shall file his Response on or before **March 24, 2005**.

**IT IS FINALLY ORDERED** that Respondents may file a Reply on or before **April 8, 2005**.

**IT IS SO ORDERED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**