IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY EARL KENNEDY,

      Petitioner,

vs.                                    No. CIV 04-506 MV/LCS

ERASMO BRAVO, Warden, et al.,

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court upon Mr. Kennedy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed May 7, 2004 [Docket #1]. Petitioner, currently incarcerated, attacks the Judgment and Sentence entered on August 1, 2003, in the case numbered CR 02-00981, in the Second Judicial District, Bernalillo County, State of New Mexico. The United States Magistrate Judge, having considered the arguments of counsel, the entire record, relevant law, and being otherwise fully advised, finds that Petitioner's Motion is not well-taken and should be **DENIED**.

    **I.**    **PROCEDURAL HISTORY**

    1.    On April 29, 2003, Petitioner was convicted, following a jury trial in the Second Judicial District, Bernalillo County, New Mexico, in CR 02-00981, of the offense of trafficking in cocaine by distribution. [Docket #19] Mr. Kennedy came before the Honorable Neil C. Candelaria on August 1, 2003, at which time he was sentenced to a term of nine (9) years with three (3) suspended for a total term of incarceration of six (6) years. [Id.]

    2.    On October 9, 2003, the State of New Mexico filed a supplemental information to

enhance Petitioner's sentence as a habitual offender. [Id.] Following a consolidation hearing on May 6, 2004, the present conviction was consolidated with a previous conviction, (CR 01-01952), for purposes of the supplemental habitual offender proceedings. [Id.] On July 30, 2004, the court found Mr. Kennedy was subject to the habitual offender sentence enhancement for one prior felony conviction. An amended judgment was entered on August 24, 2004, adding a one (1) year enhancement to Petitioner's sentence, thereby increasing his total term of incarceration to seven (7) years.

3.      Mr. Kennedy filed a Notice of Appeal with the Court of Appeals of the State of New Mexico on September 3, 2003. [Id., Exhibit H]. The Court of Appeals filed a Notice of Proposed Summary Disposition on December 12, 2003, [Id., Exhibit J], and entered its Memorandum Opinion affirming the district court on February 6, 2004 [Id., Exhibit L]. Mr. Kennedy then filed a Petition for Writ of Certiorari to the New Mexico Supreme Court on February 12, 2004, [Id., Exhibit M], raising issues of: 1) ineffective assistance of counsel; and 2) insufficient evidence to support conviction. The Supreme Court denied Mr. Kennedy's petition on March 4, 2004. [Id., Exhibit N].

4.      Mr. Kennedy filed his petition for federal habeas relief in this Court on May 7, 2004. [Docket #1]. Respondents filed a Motion to Dismiss [Docket #17], on September 22, 2004, in which they argued that Petitioner's claims were not ripe for review because Mr. Kennedy's sentencing enhancement was being appealed in state court.

5.      This Court issued its Memorandum Opinion and Order on February 7, 2005 [Docket #25], finding that the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971) did not apply to this case because the state appellate proceedings did not afford Mr.

2

Kennedy an adequate opportunity to litigate his federal constitutional claims. Further, this Court found that Petitioner's appeal of the sentencing enhancement did not implicate the matters raised by Petitioner in his habeas Petition. As such, abstention was not appropriate and the parties were directed to fully brief the issues raised in Mr. Kennedy's Petition.

6. Respondents have subsequently moved to dismiss Mr. Kennedy's petition on the grounds that the application fails to state a cognizable federal claim for either ineffective assistance of counsel or for insufficient evidence. [Docket #33].

## II.   STANDARD OF REVIEW

7. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's proceedings is quite limited. *Fields v. Gibson*, 277 F.3d 1203, 1212 (10th Cir. 2002). A federal court may not grant habeas relief unless the state court's decision was: 1) contrary to, or involved an unreasonable application of, clearly established federal law; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)).

8. A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 402 (2000). A state court decision will involve an "unreasonable application" of federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407. "[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was

objectively unreasonable." *Id.* at 409. Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Id.*

9. Further, a federal court cannot grant relief under AEDPA by conducting its own independent inquiry into whether the state court was correct as a *de novo* matter. A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied the law incorrectly. Factual findings of a state court are presumed correct and can be overturned by this Court only on a showing of clear and convincing evidence by Petitioner that the state court determination was incorrect. *See* 28 U.S.C. § 2254(e)(1).

### III.   ANALYSIS

10. Mr. Kennedy raises the following issues in his federal petition:

I. Insufficient Evidence to support Conviction

II. Ineffective Assistance of Counsel

**a..   Sufficiency of Evidence**

11. Mr. Kennedy first argues that his conviction violated due process because the state did not present sufficient evidence to prove beyond a reasonable doubt that he trafficked in a controlled substance within the meaning of N.M. Stat. Ann. § 30-31-20. He contends that there was no physical evidence to support the contentions of Detective Belotti that Petitioner attempted to sell him cocaine and that exculpatory evidence existed which was not presented to the jury.

12. When reviewing a question of sufficiency of the evidence on a petition for habeas corpus, the relevant question is not whether the reviewing court believes the evidence at trial

established guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Rather, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* This standard reflects the longstanding principle that it is the jury's province to weight the evidence and to draw reasonable inferences from testimony presented at trial. *Id.*

13.     The Tenth Circuit has held that its review under the *Jackson* standard is "sharply limited" and a court "faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004) (quoting *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996)). This Court may not weigh conflicting evidence or consider the credibility of witnesses. *Kelly v. Roberts*, 998 F.2d 802, 808 (10th Cir.1993). Rather, the Court must accept the jury's resolution of the evidence as long as it is within the bounds of reason. *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993).

14.     Trafficking in a controlled substance under NMSA § 30-31-20 (1987) is defined in part as the:

> (2) distribution, sale, barter or giving away of any controlled substance enumerated in Schedule I or II . . . or
> (3) possession with intent to distribute any controlled substance enumerated in Schedule I or II . . .

In the present case, the jury in the state court proceeding heard testimony from Detective Belotti that, on March 18, 2002, while conducting a 'buy/bust' operation with the Narcotics Unit

of the APD, Petitioner approached his vehicle. (Tr. at 72-73). Detective Belotti asked Petitioner if he knew where to purchase crack cocaine. (Id.) Belotti testified that Petitioner entered his vehicle and the two began to drive, during which time Mr. Kennedy indicated he could purchase the cocaine for $20.00.

15.    Belotti stated he gave Petitioner a $20 bill and Petitioner exited the vehicle, returning after an absence of several minutes with a small stone which Belotti believed to be crack cocaine. (Tr. at 74). Petitioner then asked for an additional $30 to purchase more stones. (Id.) Belotti declined and Petitioner exited the vehicle, whereupon Belotti gave the predetermined arrest signal. (Id.)

16.    My review of the evidence confirms the conclusion of the New Mexico Court of Appeals that sufficient evidence existed to support Petitioner's conviction for trafficking cocaine. Viewing the evidence in the light most favorable to the prosecution, I conclude that a rational trier of fact could have found beyond a reasonable doubt that Petitioner committed the offense of trafficking in cocaine. The decision of the New Mexico Court of Appeals therefore was neither contrary to nor an unreasonable application of the standards articulated in *Jackson*, nor was it based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254; *Fields v. Gibson*, 277 F.3d 1203, 1217 (10th Cir. 2002).

17.    The Court of Appeals evaluated the record before it in an objectively reasonable manner. Even if this Court disagreed with the Court of Appeals' conclusion, the writ still could not be granted. This Court must "presume state court factual findings are correct, absent clear and convincing proof to the contrary." *Romano v. Gibson*, 278 F.3d 1145, 1150 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)). A review of the record indicates that Petitioner has failed to

rebut that presumption with clear and convincing evidence. *Hooper v. Mullin*, 314 F.3d 1162, 1167 (10th Cir. 2002); *see also Yarborough v. Alvarado*, 124 S.Ct. 2140, 2150 (2004) ("A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied the law incorrectly.").

### b.     Failure to Investigate/Challenge Key Evidence

18.     Petitioner's next allegation of error is that defense counsel failed to properly investigate during the discovery phase, and that, had counsel so investigated, exculpatory or otherwise useful information could have been adduced at trial. According to Petitioner, presentation of this evidence would have led to a finding of reasonable doubt by the jury. Petitioner further contends that his attorney, rather than investigating evidence of his innocence, unreasonably insisted on pursuing an entrapment defense.

19.     According to Petitioner's version of events, Detective Belotti offered him a ride in his car on the day in question and drove Petitioner to a friend's apartment. [Docket #39]. Petitioner contends he never offered to purchase drugs for the detective. [Id.] Upon leaving the apartment Petitioner was arrested, never having had cocaine in his possession. [Id.] Petitioner also contends that the cocaine supposedly recovered during his arrest was in fact recovered from a different individual and a different crime in which he was not involved. [Id.] He bases this contention on the alleged discrepancy of the date on the cocaine's evidence tag in the police crime lab. [Id.]

20.     Petitioner is correct in asserting that "the mere incantation of 'strategy' does not insulate attorney behavior from review." *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002) (quoting *Fisher v. Gibson*, 282 F.3d 1283, 1296 (10th Cir. 2002)). However, it is

7

Petitioner's burden to overcome the presumption that the challenged action could be considered sound trial strategy. *Hooper*, 314 F.3d at 1169 (quoting *Strickland*, 466 U.S. at 689). For example, it may be reasonable for counsel to curtail investigation if available information indicates that further inquiries would be fruitless. *Wiggins v. Smith*, 539 U.S. 510, 525 (2003). When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect. *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003). This is particularly true when a petitioner bases his ineffective assistance claims solely on the trial record such that the court, "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).

21.     I find Mr. Kennedy's argument as to counsel's failure to investigate to be without merit. Although Mr. Sapien chose to pursue an entrapment defense at trial, he nevertheless raised the issue of the evidence tag before the jury. While cross-examining Guy Walton, forensic scientist for the Albuquerque Police Department, Mr. Sapien asked questions about a possible discrepancy on the evidence tag. (Tr. at 102-104). Mr. Sapien also requested, at a bench conference, that the drug evidence be excluded on the basis that the chain of custody had not been adequately established. (Tr. at 104). Given the evidence in the record, Mr. Kennedy has not established that trial counsel failed to investigate the alleged discrepancy on the evidence tag and cannot establish that he was prejudiced by any such failure to investigate.[1] Further, Petitioner has not provided this Court with any evidence, beyond his conclusory statements, to support his

---

[1] *See Parker v. Scott*, 394 F.3d 1302, 1326-27 (10th Cir. 2005)(holding counsel was not ineffective for failing to investigate when counsel used the information in question at trial during cross-examination).

8

version of the facts. Mr. Kennedy has not therefore met his burden under *Strickland* and I recommend finding that counsel was not ineffective based on a failure to investigate.

## RECOMMENDATION

Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I recommend that Mr. Kennedy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**